# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## LEXINGTON

**CRIMINAL ACTION NO. 25-CR-00085-KKC**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **PLAINTIFF** |
| V. | **PLEA AGREEMENT** |
| **GREGORY S. CURTIS** | **DEFENDANT** |

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to the sole Count of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), Possession with Intent to Distribute Fentanyl, a Schedule II controlled substance and Fluorofentanyl, a Schedule I controlled substance.

2. The essential elements of the sole Count are:

    (a) That the Defendant, knowingly and intentionally possessed 40 grams or more of a mixture or substance containing fentanyl, a Schedule II controlled substance, and 10 grams or more of a mixture or substance containing fluorofentanyl, a Schedule I controlled substance.

    (b) that Defendant intended to distribute the controlled substance to another person.

3. As to the sole count the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) In December 2024, detectives with the Lexington Police Department Narcotics Unit conducted an investigation regarding the drug trafficking activities

of Gregory Shaun Curtis from a residence on East Third Street, in Fayette County, in the Eastern District of Kentucky. On January 22, 2025, detectives obtained a search warrant for Gregory Curtis and the residence on East Third Street.

(b) Curtis was observed standing outside the residence when officers arrived for the search warrant. Curtis was detained and searched. Detectives located approximately 59 grams of suspected fentanyl in Curtis' pant pocket. During the search of the residence, detectives located approximately 58 grams of suspected fentanyl in a jacket in the bedroom. During the search warrant Curtis made incriminating statements indicating his possession of the suspected fentanyl.

(c) The suspected fentanyl was sent to the Kentucky State Police lab for testing and were found to contain 49.691 grams, 27.226 grams and 27.504 grams of fluorofentanyl and fentanyl.

(d) The defendant agrees that he possessed the controlled substances with intent to distribute to another.

4. The enhanced statutory punishment for Count 1 is imprisonment for not less than 10 years and not more than life, a fine of not more than $8,000,000, and a term of supervised release of at least 8 years. The Defendant is subject to the enhanced statutory penalty because he has at least one prior final serious drug felony conviction as set forth in 21 U.S.C. § 851 Notice filed by the United States. (DE 16)

5. The Defendant acknowledges, agrees, and waives any further notice pursuant to 21 U.S.C. § 851, and stipulates that he has previously been convicted of:

(a) Trafficking Controlled Substance First Degree (Greater than 4 grams of Heroin), by the Fayette Circuit Court, Case Number 13-CR-808, in December 2014, for which he served more than 12 months imprisonment and his release from imprisonment was within 15 years of the commencement of the instant offense.

(b) Trafficking Controlled Substance First Degree, First Offense, (Greater than 4 grams of Heroin) and Trafficking Controlled Substance First Degree (Less than 4 grams of Heroin), by the Fayette Circuit Court, Case Number 13-CR-35, in May 2013, for which he served more than 12 months imprisonment and his release from imprisonment within 15 years of the commencement of the instant offense.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a) United States Sentencing Guidelines (U.S.S.G.), in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 and all provided discovery materials.

(c) Pursuant to U.S.S.G. § 2D1.1(c)(5), the offense level is 30 because the amount of fentanyl analogue is at least 100 grams but less than 300 grams.

(d) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

7. The United States asserts that pursuant to USSG § 4B1.1(a), the Defendant is a Career Offender because the defendant was at least 18 years old at the time of the instant offense, the instant offense is a controlled substance offense, and the defendant has at least two prior convictions for a controlled substance offense. The United States further asserts as a Career Offender and pursuant to USSG § 4B1.1(b), the Defendant is subject to an offense level of 37 because the offense has a statutory maximum offense of Life, and the defendant's criminal history category is VI. The Defendant disagrees and reserves the right to challenge any application of U.S.S.G. § 4B1.1.

8. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

9. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

10. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

11. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

12. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the

date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

13. The Defendant understands and agrees that pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available

to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

|  |  | PAUL C. MCCAFFREY<br>FIRST ASSISTANT<br>UNITED STATES ATTORNEY |
|---|---|---|
| Date: 2/10/26 | By: | *[signature]*<br>Cynthia T. Rieker<br>Assistant United States Attorney |
| Date: 2/3/26 |  | *[signature]*<br>Gregory S. Curtis<br>Defendant |
| Date: 2-3-26 |  | *[signature]*<br>Hon. Gerry Harris<br>Attorney for Defendant |